**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Taher Achagzai )<br>c/o 1666 Connecticut Ave. NW )<br>Suite 222 )<br>Washington DC 20009 )<br> )<br>Plaintiff )<br> )<br> )<br>v. )<br> )<br> )<br>BROADCASTING BOARD )<br>OF GOVERNORS )<br>JEFFREY SHELL )<br>In his official capacity as Chairman )<br>c/o David Kligerman, General Counsel )<br>330 Independence Ave. SW )<br>Washington DC 20237 )<br> )<br>Defendant )<br> ) | Case No.<br>Judge_____<br><br>JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND WRONGFUL/CONSTRUCTIVE DISCHARGE**

For his Complaint against the Board of Broadcast Governors, Plaintiff Mohammad Tahir Achagzai, a former International Broadcaster at the Pashto Language Service, Voice of America, by and through his undersigned attorney, against Defendant. During his employment he was subjected to discriminatory actions which forced Plaintiff to retire.

Defendant, is an agency of the federal government and operates under the laws of United States. Service upon an agency of the United States shall be made by delivering or mailing a copy of the summons, complaint to the Office of the: United States Attorney for the district in

which the action is being brought, the Attorney General of U.S. in Washington, D.C. and to the agency. *Fed Civ. P. 4 (i).*

## JURISDICTION

1. The court has jurisdiction over the lawsuit based on action for discrimination; arising under Title VII. *42 US.C. §2000e-2,* 29 .CFR 1614.202, 29 CFR 1620, Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., as well as Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451 (judiciary), 28 U.S.C.§1331 (federal question), 28 U.S.C. §1343 (civil rights), 29 U.S.C.§626(b) (ADEA Enforcement, Age Discrimination in Employment Act, 29 U.S.C. §633a) and 42 U.S.C. §2000e-5(f)(1)(unlawful employment practices) and (Title VII Enforcement) and 42 U.S.C. §1981a(equal rights).

## VENUE

2. The employment practices of Defendant alleged to be unlawful were committed within the jurisdiction of the District of Columbia. In addition, Defendant maintains its primary business location within the jurisdiction of the District of Columbia. Accordingly, venue is proper pursuant to 28 U.S.C. §1391(b)(1)&(2).

## EXHAUSTION OF ADMINISTRATION REMEDIES

3. Prior to filing this action, Plaintiff timely filed with Office of Civil Rights within the forty five (45) days, their written charge asserting Defendant's discrimination based on age discrimination, reprisal, and constructive discharge. In conformance with the law, Plaintiff has exhausted administrative remedies, therefore all conditions precedent to the Plaintiff maintaining this civil action have occurred or been waived.

## PROTECTED CLASS MEMBERSHIP

4. This lawsuit is brought under 42 U.S.C. §2000 et. Seq. (Title VII) and its counterpart 42 U.S.C. §1981 and 29 U.S.C. §626(b). Title VII and §1981 prohibit employers form discriminating "against any individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin.  See: 42 U.S.C. §2000e-2(a).  Additionally, this lawsuit is brought pursuant to the Age Discrimination Act 29 U.S.C. §636. Plaintiff identifies that he is over forty (40) years old; and was constructively discharged and subjected to harassment based on his age and reprisal for having complained to management about the harassment and discrimination by his mangers.

## PARTIES

5. Plaintiff, Mr. Taher Achagzai is a naturalized citizen of the United States who is of Afghan national origin and who is over the age of 40. Mr. Achagzai was an International Broadcaster (GS-12) at Voice of America (VOA). Mr. Achagzai started his VOA career in 1988. Mr. Achagzai has been an International Broadcaster at VOA for the last *26 years*. He was hired as a contractor or Purchase Order Vendor in November 1988 and was promoted to full staff in November 2001. He is assigned to South Asia Division, Afghan Service (Pashto Language), located at 330 Independence Ave. Washington DC.  Defendant was constructively discharged on or about June 2016.

6. Defendant, Broadcasting Board of Governors (hereinafter BBG) is an independent federal agency responsible for all U.S. government and government sponsored non-military, international broadcasting.

## Count 1 - Discrimination Under Title VII

7. Plaintiff is an employee within the meaning of Title VII and belongs to classes protected under the statute; namely age. *See 42 U.S:C. §2000e(f)* and *29 US.C. §623 et se.q* Defendant is an employer within the meaning of Title VII. *42 US.C. §2000e(b)* Defendant intentionally discriminated against Plaintiff based on his age, in violation of Title VII by subjecting him to constant harassment, work conditions which were humiliating and by forcing him to retire before he was ready to retire.

8. The Defendant has further perpetuated this discriminatory treatment on Plaintiff by creating a schedule that the Plaintiff could not perform, due to his age and physical illness and limitations. Defendant changed Plaintiff's schedule of over 10 years, unnecessarily and maliciously and placed him in a schedule that was too burdensome and caused such egregious hardship to Plaintiff and his health that he nearly died of a blood clot and pneumonia during the winter of 2015-2016. When Plaintiff complained to management about the burden of his health and the unnecessary changes to the schedule, defendant continued to change the schedule to Plaintiff's detriment knowing the hardship those changes caused, simply to force Plaintiff to retire.

9. After many attempts to seek remedy to schedule changes without any avail, Plaintiff, was forced to retire or risk another winter. Mr. Achagzai who is in his mid-70s is not advised by his medical doctors to be exposed to extreme cold weather for a prolonged period of time. The schedule by management for Mr. Achagzai required him to be at his job at 7 or 7:30 or 8 AM. However, management also knew Mr. Achagzai traveled on public transport to go to work, which typically meant, he had to leave his home in below zero-degree weather during the months of December and January at about 5 AM to be at work on time. Mr. Achagzai explained this to Defendant, however Defendant ignored

Mr. Achagzai's request. There were several other staff members, who are younger who would be more suited for the early morning schedule, however management forced Mr. Achagzai to that early schedule until he was forced to retire.

10. Plaintiff performed the duties of an Editor, but was never given the promotion or paid for the work that he performed. Sometime in 2010, Plaintiff learned that younger employees were promotions to GS12 and he was still GS11. During his years as an employee of the Defendant, Plaintiff has only received "high level" performance ratings.

11. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff behalf, in the amount of $100,000 (one hundred thousand dollars) on the count of age discrimination pursuant to Title VII and grant such further relief as this Court deems appropriate.

## Count 2 -  Age Discrimination

12. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq. and belongs to the class of employees protected under the statute, namely, employees over the age of 40 years. *See 29 US.C. §630(j)* Defendant is an employer within the meaning of the ADEA. *29 US.C. §630(b).*

13. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by subjecting him to conditions and terms of employment that were not enforced on younger employees. The Plaintiff was treated in a manner that was different from the younger employee. Younger employees were given shows and on air interviews and assignments that were not available to the senior staff and in particular to Mr. Achagzai. His poetry show was taken from him and given to other younger and newer staff while his voice

was not part of any interviews or shows or features, because of his age.   He was told by management that he is a "man of the 60s and 70s" and not able to work on the same level as other younger employees. He was subjected to management's new plans since 2010 called "the new format."

14. The new format required that younger employees replace the senior staff.

15. The management harassed and targeted the senior staff, including Mr. Achagzai to force them to either leave their positons or be terminated or in the case of Mr. Achagzai he was constructively discharged.

16. In the new schedules that management forced Mr. Achagzai to work in, required him to do the work of 3 other employees who were wrongfully hired without the necessary skills, language training and background.  Mr. Achagzai was forced to carry their load and to do the work for them. If he failed to do the work of at least three (3) others, he was harassed. Finally he was forced to retire, before his health was irreparably harmed.  However he was not prepared to retire for at least the next 3 years.

17. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $300,000 (three hundred thousand  dollars), on the count of age-based discrimination pursuant to the ADEA and grant such further relief as this Court deems appropriate.

### Count 3 - Constructive Discharge

18. Plaintiff at all times was an employee of the Defendant, BBG. That Plaintiff was constructively retired on or about June 2016. Plaintiff's retirement was the product of

intolerable coercive actions by Defendant which demonstrated that the retirement was not voluntary.

19. **WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $100,000 (one hundred thousand dollars) on the count of constructive: discharge pursuant to Title VII and grant such further relief as this Court deems appropriate.

### 4. EMPLOYMENT DISCRIMINATION –RETALIATION
### Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq*.

20. Plaintiff re-alleges and incorporate by reference the allegations of all paragraphs above as though fully set forth herein. Pursuant to the ADEA and applicable federal government equal employment opportunity regulations, the Agency, as a federal employer, is specifically prohibited from unlawful retaliation against Plaintiff, because they engaged in EEO activities protected by the ADEA 20 U.S.C Section 633a(a) and 623(b). 29 C.F.R. Section 1614.103 (2004). The Agency by virtue of the unlawful adverse actions set forth in the aforementioned paragraphs of this Complaint, engaged in direct, willful and unlawful ADEA retaliatory discrimination against Plaintiff because of her protected ADEA activities. Plaintiff's managers and supervisors included Mr. Ibrahim, Ms. Maiwandi, Ms. Mendelson, and later Mr. Farivar and Mr. Dahiyat, and Mr. Ayazi.

21. The Agency, by and through its managers actions and the actions of Human Resources and employees servicing beneath management in the supervisory chain of command engaged in calculated and purposeful campaign of unlawful retaliation, unlawful, unlawful discrimination and unlawful workplace harassment against the Plaintiff. The Agency intentionally subjected Plaintiff to intentional and unlawful ADEA retaliatory discrimination.

The intentional, unlawful retaliation was created and perpetuated and tolerated by management.

22. The Agency is liable for the intentional and unlawful ADEA retaliation against the Plaintiff because the Agency officials and managers knew or should have known of the aforementioned unlawful retaliation and did not take immediate, appropriate and effective corrective action.

23. The Agency's aforementioned treatment of the Plaintiff, considered in its totality and in cumulative manner, as set forth in the above paragraphs of this claim and Complaint, constitutes unlawful, direct, intentional, adverse, tangible, retaliatory and discriminatory employment actions prohibited by ADEA.The Agency's aforementioned treatment of Plaintiff constitute, unlawful, willful, adverse, retaliatory discrimination in violation of 29 U.S.C Sections 633a(a) and 623(a)(1)(2)(d) and 626(b)

24. .Defendant, by and through its agents, retaliated against Plaintiff when it knew or should have known that the same were in violation of the ADEA and any alleged reasons to the contrary are pretextual. As a result of Defendant's discriminatory actions Plaintiff suffered pecuniary and non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Because of these losses, Plaintiff seeks compensatory damages. Defendant's actions were done with malice and/or with reckless indifference to Plaintiffs' protected rights. Plaintiff are therefore entitled to punitive damages. The Defendants conduct motivated by age discrimination had the purpose or effect of creating an intimidating, hostile or offensive working environment and had the purpose or effect of unreasonably interfering with

Plaintiff' work performance and/or otherwise adversely affected Plaintiff' employment opportunities in violation of Title VII and 29 C.F.R. §1606.8(b).

25. The hostile working environment was sufficiently severe and/or pervasive to alter the conditions of employment for Plaintiff and to create an abusive working environment. The acts of the Defendants and the agents of Defendants were not isolated or trivial. The defendants knew or should have known of the conduct creating a hostile work environment and failed to take prompt and effective remedial action.

26. The Plaintiff was forced to resign under constructive discharge reasons and has suffered lost of income in the form of lost compensation, other benefits, and privileges of employment and has suffered emotional distress, humiliation, embarrassment and mental anguish. The Plaintiff resignation was pursuant to and based upon the discriminatory practices and/or policy of BBG for retaliation for anyone who complained of discriminatory employment practice and/or harassment and retaliation.

## Damages

As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

1. Plaintiff was denied a promotion and pay for work that he performed.
2. Plaintiff was forced to retire because of the intolerable working conditions.
3. Plaintiff suffered damage to his professional work history and reputation.
4. Defendant's conduct was an intentional and willful violation of Title VII, and the ADEA.
5. Plaintiff is entitled to an award of attorney fees and costs under Title VII.

**Prayer**

For these reasons, Plaintiff asks for judgment against the Defendant to receive back pay, future pay, interest and all damages that he is entitled to.  An award of attorney fees and costs. All other relief the court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff's demand a trial by jury in this action . This jury demand is being filed with the Clerk of the United States District Court for the District of Columbia, as required by Fed. R. Civ. P. 5(d) and Fed. R. Civ. P. 38 (b).

Dated: April 5th, 2017

Respectfully Submitted,
Taher Achagzai


By Counsel

*/S/ S. Sarah Shah*
S. Sarah Shah
D.C. Bar No. 995094
1310 L Street NW
Suite 750
Washington DC 20037
Law Offices of Shah & Shah PLLC
Telephone: (202) 450-1051
Direct: (202) 450-1059
Fax: (202) 234-1270
Attorney for Plaintiff